United States Bankruptcy Court
Northern District of California

In re:                                              Case No. 24-50535-HLB
Nicholas Wayne Smith                          Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0971-5                          User: admin                                              Page 1 of 3
Date Rcvd: May 01, 2024                   Form ID: pdfpln                               Total Noticed: 23

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ++++ | Addresses marked '++++' were modified by the USPS Locatable Address Conversion System. This system converts rural route numbers to street addresses. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 03, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nicholas Wayne Smith, 823 Walnut Street, Pacific Grove, CA 93950-4710 |
| 15611514 | ++++ | ACHIEVE PERSONAL LOANS, 2114 E ACHIEVE WAY, TEMPE AZ 85288-6230 address filed with court:, Achieve Personal Loans, 2114 E Rio Salado Blvd, Tempe, AZ 85281 |
| 15611518 | | Community Hospital of the Monterey, Peninsula, 2521 Garden road, Bldg A, Suite 250, Monterey, CA 93940-3942 |
| 15611519 | + | Community Hospital of the Montery Pen., Dept 34028/PO Box 39000, San Francisco, CA 94139-0001 |
| 15611529 | | Salinas Valley Health, PO BOX 6490, Salinas, CA 93912-6490 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: itcdbg@edd.ca.gov | May 02 2024 00:59:00 | CA Employment Development Dept., Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001 |
| smg | | Email/Text: BKBNCNotices@ftb.ca.gov | May 02 2024 00:59:00 | CA Franchise Tax Board, Attn: Special Procedures, P.O. Box 2952, Sacramento, CA 95812-2952 |
| smg | | Email/Text: USCBNotices@cdtfa.ca.gov | May 02 2024 00:59:00 | State Board of Equalization, Attn: Special Procedures Section, MIC:55, P.O. Box 942879, Sacramento, CA 94279 |
| smg | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 02 2024 00:59:00 | IRS, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 15611514 | ^ | MEBN | May 02 2024 00:42:03 | Achieve Personal Loans, 2114 E Rio Salado Blvd, Tempe, AZ 85281 |
| 15611515 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | May 02 2024 01:42:08 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 15611516 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | May 02 2024 01:42:31 | Citibank, N.A, 388 Greenwich St, New York, NY 10013-2362 |
| 15611517 | + | Email/Text: mediamanagers@clientservices.com | May 02 2024 00:58:00 | Client Services, 3451 Harry S. Truman Blvd., Saint Charles, MO 63301-9816 |
| 15611522 | | Email/Text: BKBNCNotices@ftb.ca.gov | May 02 2024 00:59:00 | Franchise Tax Board, Chief Counsel, General Counsel Section, MS A-260, P.O. BOX 1720, Rancho Cordova, CA 95741-1720 |
| 15611521 | | Email/Text: BKBNCNotices@ftb.ca.gov | May 02 2024 00:59:00 | Franchise Tax Board, Bankruptcy Section, MS A-340, Attn: Officer, managing, or gen. agent, P.O. BOX 2952, Sacramento, CA 95812-2952 |
| 15611520 | | Email/Text: BKBNCNotices@ftb.ca.gov | May 02 2024 00:59:00 | Franchise Tax Board, Special Procedures, P.O. Box 2952, Sacramento, CA 95812-2952 |
| 15611525 | | Email/Text: EBN@Mohela.com | May 02 2024 00:59:00 | Mohela/dept Of Ed, 633 Spirit Drive, Chesterfield, |

| Recip ID | | Delivery Method | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | MO 63005 |
| 15611526 | + | Email/Text: ken.meagor@pinnaclebankonline.com | May 02 2024 00:59:00 | Pinnacle Bank, Attn: Harvey Blodgett, 7597 Monterey Street, Gilroy, CA 95020-5825 |
| 15611527 | + | Email/Text: ken.meagor@pinnaclebankonline.com | May 02 2024 00:59:00 | Pinnacle Bank, Attn: Jeffrey Payne, 18181 Butterfiled Blvd, STe 135, Morgan Hill, CA 95037-8108 |
| 15611528 | | Email/PDF: resurgentbknotifications@resurgent.com | May 02 2024 01:42:03 | Resurgent Capital Services, LP, c/o LVNV Funding LLC, P.O. Box 10497, Greenville, SC 29603-0497 |
| 15611530 | + | Email/PDF: ais.sync.ebn@aisinfo.com | May 02 2024 01:53:12 | Syncb/Venmo, Attn: Bankruptcy, P.O. Box 965064, Orlando, FL 32896-5064 |
| 15611531 | + | Email/Text: TFS_Agency_Bankruptcy@toyota.com | May 02 2024 00:59:00 | Toyota Financial Services, Attn: Bankruptcy, Po Box 259001, Plano, TX 75025-9001 |
| 15611532 | | Email/Text: USACAN.BK-Notice@usdoj.gov | May 02 2024 00:58:00 | United States Attorney, Civil Division, Attn: Officer, managing, or gen. agent, 450 Golden Gate Avenue, San Francisco, CA 94102-3400 |
| 15611533 | | Email/Text: TAX-CTS-Western.BankruptcyMail@usdoj.gov | May 02 2024 00:59:00 | United States Department of Justice, Civil trial Section Western Region, Attn: Officer, managing, or gen. agent, Box 683 Ben Franklin Station, Washington, DC 20044 |

TOTAL: 19

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 15611524 | * | Internal Revenue Service, Attn: Officer, managing, or gen. agent, PO BOX 7346, Philadelphia, PA 19101-7346 |
| 15611523 | * | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2024        Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 30, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Devin Derham-Burk | ctdocs@ch13sj.com |
| Jason Vogelpohl | on behalf of Debtor Nicholas Wayne Smith jason@centralcoastbankruptcy.com jason@ecf.inforuptcy.com |
| Office of the U.S. Trustee / SJ | USTPRegion17.SJ.ECF@usdoj.gov |

Case: 24-50535   Doc# 11   Filed: 05/03/24   Entered: 05/03/24 21:17:36   Page 3 of 11

# Chapter 13 Plan

Debtor 1: SMITH, NICHOLAS

Debtor 2 (*Spouse, if filing*):

**United States Bankruptcy Court - Northern District of California**

Case Number (*if known*):

☐ Check if this is an amended plan

☐ Check if this is a post-confirmation modified plan

## Section 1: Notices

Note: In a joint case, reference to a Debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the Northern District of California. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 10 of this plan and you must check "Included" in § 1.4 below. Any nonstandard provision placed elsewhere is ineffective. **Use of this form is mandatory.**

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if* both *boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.* This may also be accomplished by a separately filed motion as indicated in the applicable section.

| | | | |
|---|---|---|---|
| 1.1 | **A provision that limits the amount of a secured claim based on a valuation of the collateral for the claim, see Class 3.** | ☐ Included | ☑ Not Included |
| 1.2 | **A provision that avoids a security interest or lien, see Class 4.** | ☐ Included | ☑ Not Included |
| 1.3 | **A provision that avoids a judicial lien or nonpossessory nonpurchase money lien, see Class 6.** | ☐ Included | ☑ Not Included |
| 1.4 | **Nonstandard provisions, see § 10.** | ☐ Included | ☑ Not Included |

## Section 2: Plan Payments & Length of Plan

**2.1  Debtor will make payments to the Trustee as follows:**

| | Dollar Amount | Number of Months | Total |
|---|---|---|---|
| X | $235.00 | 60 | $14,100.00 |
| Add | | Additional Payments (*see § 2.3*): | 0.00 |
| | Estimated Total Months: 60 | **Estimated Total Payments:** | $14,100.00 |

**2.2**  The initial plan payment to the Trustee is due 30 days after the petition date. After the initial plan payment to the Trustee, regular plan payments must be received by the Trustee not later than the 20th day of each month. Payments will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor will make payments directly to the Trustee.

Case: 24-50535    Doc# 6    Filed: 04/15/24    Entered: 04/15/24 14:44:13    Page 1 of 6

Page 1 of 6

Case: 24-50535    Doc# 11    Filed: 05/03/24    Entered: 05/03/24 21:17:36    Page 4 of 11

|  |
|---|
| ☐ Debtor will make payments pursuant to a payroll deduction (wage) order. |
| ☐ Other: |

**2.3  Additional payments**

*Check one:*

☑ None. The rest of this provision need not be completed or reproduced.

## Section 3: Claims

**Need to file proof of claim and determination of classification**. A creditor, including a secured creditor, must file an allowable proof of claim in order to receive disbursements from the Trustee, whether or not this plan mentions the creditor's claim. Unless the court orders otherwise, the Trustee will make distributions only on filed proofs of claim. Unless the court orders otherwise, the proof of claim shall determine the amount and classification of a claim.

## Section 4: Pre-confirmation adequate protection payments to secured creditors

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 5: Treatment of Claims

**Class 1: Secured claims on which Debtor had defaulted before the petition date. Debtor does not intend to alter terms except to cure arrears**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 2: Secured claims which mature before the projected date of the last payment due under this plan which are intended to be paid in full or any other secured claim that is to be paid in full through the plan by the Trustee**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 3: Secured claims on which Debtor proposes to limit the claim amount to the value of the collateral pursuant to 11 U.S.C. § 506(a) and § 1325 (stripped down)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 4: Secured claims on which Debtor proposes to treat the claim as fully unsecured pursuant to 11 U.S.C. § 506(d), § 1322(b)(2) and § 1325 (voiding liens)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 5: Secured claims excluded from 11 U.S.C. § 506 valuation by the "hanging paragraph" of § 1325(a), which are subject to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) (e.g., "910 Claims")**

☑ None. If "None" is checked, the rest of this claim provision need not be completed or reproduced.

**Class 6: Secured claims on which Debtor proposes to limit the claim amount pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 7: Secured claims which Debtor proposes to satisfy by surrender of collateral**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 8: Secured claims on which Debtor was not in default on the petition date. Debtor does not intend to modify the claimant's rights.**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 9: Non-Assigned Priority Domestic Support Obligations - § 507(a)(1)(A) and § 1322(a)(2)**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 10:  Assigned Priority Domestic Support Obligations - § 507(a)(1)(B), § 1322(a)(4)**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 11:  Priority Taxes - § 507(a)(8), § 1322(a)(2)**

| | ☐ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Treatment:** All allowed priority tax claims shall be paid in full in deferred cash payments by the Trustee pursuant to § 507(a)(8) and § 1322(a)(2).

| | Creditor Name | Estimated Claim Amount | Interest Rate % |
|---|---|---|---|
| X | Internal Revenue Service | $3,708.00 | 0.00 |
| X | Franchise Tax Board | $891.00 | 0.00 |
| **Add** | | | |

**Class 12: Other Priority Claims**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 13: Nonpriority General Unsecured Claims (Afforded Special Treatment, including co-signed debts)**

| | ☑ None. The rest of this claim provision need not be completed or reproduced. |
|---|---|

**Class 14: Nonpriority General Unsecured Claims**

**Treatment:** Allowed claims will be paid by the Trustee, from funds remaining after payment of all other allowed claims, as follows:

*Check One:*

☑ **Fixed dollar dividend:** allowed general unsecured claims shall be paid by the Trustee an aggregate dividend of

0.00        which shall be shared pro rata by claimants.

**Section 6: Unclassified Claims and Expenses**

| | |
|---|---|
| **Trustee's Fees.** The Trustee's fees are governed by 28 U.S.C. § 586(e), may change during the course of the case, but cannot exceed 10% of receipts. | |

**Debtor's attorney fees.**

Debtor's attorney was paid $17.00 prior to the filing of the case. Additional fees of $7,783.00 shall be paid upon court approval. Debtor's attorney will seek approval either by:

☑ complying with General Order 35; or

Debtor's attorney's fees shall be paid $200.00 of each monthly plan payment.

**Other Administrative Expenses.**

0.00 as allowed by 11 U.S.C § 1326(b).   Name of party owed:

## Section 7: Executory Contracts and Unexpired Leases

☐ None. The rest of this claim provision need not be completed or reproduced.

**Executory Contracts and Unexpired Leases Assumed.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay any postpetition contract or lease payment directly. Any prepetition arrears will be paid in full by the Trustee.

| | Other Party | Description of Contract or Lease | Contract Payment | Estimated Arrearage | Monthly Payments on Arrears | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| X | Toyota Financial Services | 2022 Lexus RX | $1,158.00 | 0.00 | 0.00 | 5/2024 |

Add

**Executory Contracts and Unexpired Leases Rejected.** Debtor rejects the executory contracts and unexpired leases listed below. Upon confirmation of the plan, the automatic stay arising under § 362(a) shall be terminated.

| | Other Party | Description of Contract or Lease |
|---|---|---|
| X | | |

Add

## Section 8: Vesting of Property of the Estate

Property of the estate (check one):

☑ Revests in Debtor upon confirmation. Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction.

Regardless of vesting of property of the estate:
- during the pendency of the case, the Trustee is not required to file income tax returns for the estate or insure any estate property; and
- the court shall be empowered to enforce Bankruptcy Rule 3002.1; and to provide any other relief necessary to effectuate this plan, the orderly administration of this case, and the protection of property of Debtor and property of the estate.

## Section 9: Miscellaneous Provisions

**9.1    Direct Secured Debt Payments.** Unless the court otherwise orders, if Debtor elects to pay installment payments directly to the lender(s) on real property secured debt that is in default on the filing date, Debtor shall file a declaration under penalty of perjury on each anniversary of the plan's confirmation of having made those payments and shall serve each declaration on the Trustee.

**9.2    Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to Debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**9.3    Effect of relief from automatic and codebtor stays.** As soon as practicable after the Trustee receives notice of an order granting relief from stay, the Trustee shall cease making distributions on all claims secured by such collateral, unless the court orders otherwise.

**9.4    Distribution of plan payment by the Trustee in non-conduit cases.**  Debtor's monthly plan payment must be sufficient to pay in full: (a) Trustee's fees, (b) the monthly dividends specified in Section 6 for Debtor's attorney's fees and administrative expenses, (c) the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to the Trustee, the Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in the paragraph above.  If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of the above paragraph, such dividends shall be paid pro rata, on account of any of the fees, payments, expenses, and claims within such subpart.

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: first, Debtor's attorney's fees, and administrative expenses in Section 6; second, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; third, priority claims in Classes 9, 10, 11, 12; fourth, unsecured claims in Class 13; and fifth, unsecured claims in Class 14.

## Section 10: Non-Standard Plan Provisions

☑ None. The rest of this provision need not be completed or reproduced.

### Section 11: Signatures

By filing this document, each Debtor signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in form chapter 13 plan, other than any nonstandard provisions included in Section 10, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of Debtor's knowledge, and (d) that Debtor will be able to make all plan payments and otherwise comply with plan provisions. Further, the statements in Attachment(s) A, B, C, and D, if applicable, are true and correct, under penalty of perjury.

| X: /s/ Nicholas Smith | X: |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed On:  04/09/2024 | Executed On: |
| MM / DD / YYYY | MM / DD / YYYY |

The undersigned certifies under penalty of perjury that the wording and order of provisions in this plan are identical to those contained in the form chapter 13 plan, other than any nonstandard provision included in Section 10.

| X: /s/ Jason Vogelpohl SBN 252407 | Date:  04/09/2024 |
|---|---|
| Signature of Attorney Debtor(s) | MM / DD / YYYY |

# UNITED STATES BANKRUPTCY COURT
## *FOR THE*
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

### Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from the calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

Approved.

Dated: July 1, 2015

*Stephen Johnson*
STEPHEN L. JOHNSON
United States Bankruptcy Judge

_M. Elaine Hammond_

M. ELAINE HAMMOND
United States Bankruptcy Judge

_Hannah L. Blumenstiel_

HANNAH L. BLUMENSTIEL
United States Bankruptcy Judge