DEVIN DERHAM-BURK, ESQ. #104353
CHAPTER 13 STANDING TRUSTEE
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>NICHOLAS WAYNE SMITH,<br><br><br>Debtor. | CHAPTER 13 CASE NO. 24-50535 HLB<br><br>MOTION BY TRUSTEE FOR APPROVAL OF NONSTANDARD PROVISION IN CHAPTER 13 PLAN<br><br>Date: None set<br>Time: None set<br>Judge: Hon. Hannah L. Blumenstiel |

Devin Derham-Burk, Chapter 13 Standing Trustee ("Trustee") files this Motion for Approval of Nonstandard Provision in Chapter 13 Plan ("Motion") to obtain court required approval to include an nonstandard provision in the chapter 13 plan that debtor Nicholas Smith ("Debtor") has proposed. In general, the nonstandard provision requires Debtor to give the Trustee copies of his Federal and State income tax returns and accompanying W-2 forms by April 30 of each year while the case is pending.

**Background**

Debtor filed this case on April 15, 2024. [Docket #1]. According to Debtor's Chapter 13 Statement of Current Monthly Income, he is an above-median income debtor, and he has proposed a plan with an estimated sixty-month term. [Docket #3 and #22].

On June 7, 2024, the Trustee conducted a § 341 meeting of creditors in this case. Debtor appeared at the § 341 meeting, along with his counsel of record. In response to the Trustee's questions, Debtor reported that he did not then have a job but that he expected to be self-employed as a lawyer. Debtor testified that he would be living off his retirement savings until he could build up his client base.

In light of likely change in Debtor's income going forward, the Trustee advised Debtor and his counsel that she would need to see Debtor's State and Federal income tax returns on an annual basis throughout the life of this case. In situations where significant changes in debtors' income are possible or likely, the Trustee regularly monitors debtors' tax returns for increased income that might be available for general unsecured creditors. Debtor's counsel voiced no opposition to the Trustee's request.

Debtor filed his first amended Chapter 13 Plan on September 16, 2024, in which he added the following nonstandard provision:

> By April 30th of each year during the pendency of the case starting in 2024, the Debtor shall provide the Trustee with a copy of any Federal and State income tax return required to be filed for the prior tax year; or, if an extension has been obtained, a copy of the extension and the tax return within ten (10) days of the filing of the return but no later than ten (10) days after the expiration of the extension date. All copies of the tax returns shall be accompanied by the relevant W-2 forms.

[Docket #21, § 10]. The nonstandard provision is consistent with what the Trustee requested and continues to be included at § 10 of Debtor's most recent second amended Chapter 13 Plan. [Docket #22, § 10].

**Argument**

The Trustee requested that the nonstandard provision be included in Debtor's plan as part of her duty to track potential increases in debtors' net monthly income and/or the value of estate assets in appropriate cases. That duty is based on the role the Trustee plays in maximizing payments to unsecured creditors whenever possible. *See In re Morris*, 2012 WL 2341537, at *6 (Bankr. S.D. Cal. Jun. 7, 2012) (one of the bankruptcy trustee's functions is to maximize distributions to unsecured creditors, *citing United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir. 1986)). When a debtor's available income is unclear because Debtor's employment status or income is likely to change, a tax return reporting requirement incorporated directly into a chapter 13 plan is the most practical and effective way for the Trustee to determine whether more could be paid to creditors. In analogous cases involving the potential for an enhanced recovery for creditors, courts have conditioned plan confirmation on the implementation of reporting requirements. *See e.g.*, *In re Morales*, 2015 WL 4055467, at *3 (Bankr. D. Puerto Rico July 2, 2015)(court ordered debtor to file periodic reports regarding the status of the litigation until plan completion); *In re Anderson*, 18 B.R. 763, 765 (Bankr. S.D. Ohio 1982), *aff'd,* 28 B.R. 628 (S.D. Ohio 1982)(court ordered debtor to provide periodic status reports to the Trustee regarding the progress of the proposed sale of the property).

Post-confirmation, debtors have a duty to act in good faith by increasing the dividends to their creditors as their circumstances permit. *See In re Sunahara*, 326 B.R. 768, 781-82 (9th Cir. B.A.P. 2005) (although the disposable income test of § 1325(b)(1)(B) does not apply to modified plans, a plan modification proposed in good faith will necessarily require an assessment of a debtor's overall financial condition, including the debtor's current and anticipated disposable income). The nonstandard provision in § 10 of Debtor's second amended Chapter 13 Plan will

allow the Trustee to monitor the case to determine whether to file a post-confirmation motion to modify that could increase the recovery to Debtor's general unsecured creditors.

    WHEREFORE, the Trustee requests that the Court grant the Motion and approve the use of the nonstandard provision set forth at § 10 of Debtor's second amended Chapter 13 Plan, [Docket #22], filed on September 19, 2024, which will require Debtor to provide copies of his State and Federal income tax returns and accompanying W-2 forms to the Trustee on an annual basis.

Date: October 2, 2024

                                            /s/ *Jane Z. Bohrer*
                                              Attorney for the Chapter 13 Trustee